# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Scenic Licensing LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Sling Media L.L.C.,**<br><br>Defendant. | Case No. 1:21-cv-01529-MN<br><br>Patent Case<br><br>Jury Trial Demanded |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Scenic Licensing LLC ("Plaintiff"), through its attorneys, complains of Sling Media L.L.C. ("Defendant"), and alleges the following through this Amended Complaint:

### PARTIES

1.     Plaintiff Scenic Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 3571 Far West Blvd #3132, Austin, TX 78731.

2.     Defendant Sling Media L.L.C. is a company organized and existing under the laws of Delaware that maintains an established place of business at 100 Inverness Terrace E, Englewood, CO 80112, United States. Defendant can be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, New Castle, DE, 19808.

### JURISDICTION

3.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.     This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,677,420 (the "'420 Patent" or the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '420 PATENT

8. The '420 Patent is entitled "Personal monitoring and information apparatus," and issued March 18, 2014. The application leading to the '420 Patent was filed on January 31, 2005. A true and correct copy of the '420 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '420 Patent is valid and enforceable.

10. The invention of the '420 Patent is related to the field of video decoder devices, specifically portable video decoder devices capable of receiving multiple streams of video content. Ex. 1 at 1:11-13.

11. The '420 Patent recognized the problem of a user trying to access multiple radio, television, and other data feeds for a single event on a single device.

12. To solve this computer centric problem, the '420 Patent discloses an innovative solution that relates generally to a personal video monitoring and information apparatus for monitoring and accessing real time information concerning an event. Multiple keys are provided on the personal video monitoring device; with keys being used to select media feeds corresponding to the event. *Id.* at 1:46-51.

13. The information (data) and audio and video transmissions are transmitted via a wireless signal to the personal monitoring devices located at an event such that a user can access such data, audio, and video on their personal device. *Id.* at 2:28-30.

14. As shown in FIG. 7, a central broadcast node coordinates the wireless transmission of audio, video, and data content to personal monitoring devices. Specifically, central broadcast node receives video information (such as television channels or streamed video as examples of video source media feeds) that are received from television receiver 1025, where such video information are to be selected from formats such as ATSC, NTSC, SECAM, PAL, DVB-T, DVB-H, MPEG-2 encoded video, H.264 encoded video, WINDOWSMEDIA9 encoded video, REAL PLAYER encoded video, and the like. Prefer ably, multiple video information Sources (channels) are received by television receiver and are transferred via fiber channel to central broadcast node. *Id.* at 2:30-43.



FIG. 7

15. A key aspect of the invention of the '420 Patent is the innovative and computer centric transcoding element. The '420 Patent teaches that the "Central broadcast node contains appropriate software to transcode received audio, video, and data into a format that is capable of being transmitted through wireless network interface to personal monitoring device. For instance, ATSC based video received through television receiver is not typically in a format that may be used by personal monitoring device. Hence, software is utilized in central broadcast node to transcode the received Video signal into a format that is capable of being streamed such as WINDOWSMEDIA 9, VC-1, H.264. Similarly, software is used to transcode received RF and satellite audio information received from radio receiver to streaming media by central

broadcast node. The transmitted video, audio, and data are known as media feeds." *Id.* at 2:62-67; 3:1-8.

16. The invention disclosed in the '420 Patent discloses inventive concepts that represent significant improvements in the art and are not mere routine or conventional uses of computer components. The '420 Patent is thus patent eligible under 35 USC §101.

**COUNT 1: INFRINGEMENT OF THE '420 PATENT**

17. Plaintiff incorporates the above paragraphs herein by reference.

18. **Direct Infringement**. Defendant has directly infringed one or more claims of the '420 Patent in at least this District by having made, used, offered to sell, sold and/or imported, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '420 Patent also identified in the charts incorporated into this Count below (the "Exemplary '420 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '420 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

19. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '420 Patent Claims, by having its employees internally test and use these Exemplary Products.

20. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '420 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '420 Patent.

5

21. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '420 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '420 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

22. Exhibit 2 includes charts comparing the Exemplary '420 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '420 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '420 Patent Claims.

23. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

24. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

25. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

    A.    A judgment that the '420 Patent is valid and enforceable

    B.    A judgment that Defendant has infringed directly, contributorily infringed, and/or induced infringement of one or more claims of the '420 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '420 Patent.

E. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 28, 2022                Respectfully submitted,

                                        CHONG LAW FIRM PA

                                        */s/ Jimmy Chong*
                                        Jimmy Chong (#4839)
                                        2961 Centerville Road, Suite 350
                                        Wilmington, DE 19808
                                        Telephone: (302) 999-9480
                                        Facsimile: (302) 800-1999
                                        Email: chong@chonglawfirm.com


                                        **Counsel for Plaintiff**
                                        **Scenic Licensing LLC**